**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEISHA ROACHE,

        Appellant,

          v.

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
DC-0752-15-0481-I-1

DATE: September 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leicester Bryce Stovell, Esquire, Washington, D.C., for the appellant.

Letitia Byers, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a former GS-09 Staff Assistant with the agency, filed a Board appeal alleging that her resignation was involuntary.[2] Initial Appeal File (IAF), Tab 1 at 1, 4, 6. On her initial appeal form, the appellant alleged that she resigned after the agency "refused her request that she not be required to meet alone with her supervisor," who she claimed had "spoken rudely" to her and "threatened her," causing her to fear for her safety. *Id.* at 6. The appellant further alleged that the agency subjected her to a hostile work environment based on her race and sex, and in reprisal for filing grievances.[3] *Id.* She contended

---

[2] On her initial appeal form, the appellant also indicated that the agency had denied her a within-grade increase. Initial Appeal File (IAF), Tab 1 at 4, 6. The regional office docketed this claim as a separate appeal. *See* IAF, Tab 4, Initial Decision at 2 n.1. On April 13, 2015, the administrative judge issued an initial decision dismissing that appeal for lack of jurisdiction. *Roache v. Department of Homeland Security*, MSPB Docket No. DC-531D-15-0508-I-1, Initial Decision (Apr. 13, 2015). The appellant has not filed a petition for review of that initial decision.

[3] On her initial appeal form, the appellant further alleged that she had filed a complaint with the Equal Employment Opportunity Commission (EEOC), in which she claimed, among other things, that she was constructively discharged. IAF, Tab 1 at 6. She

that, as part of the hostile work environment, management unjustifiably denied her a within-grade increase and placed her on a performance improvement plan. *Id*. The appellant further alleged that agency management "harassed [her] by constantly mismanaging her work, performance, job duties and leave usage, all in the context of race and gender discrimination, with incidents occurring on virtually a daily basis." *Id*.

¶3 The administrative judge issued an acknowledgment order, which informed the appellant of the elements and burden of proof necessary to establish jurisdiction over an involuntary resignation appeal, and ordered her to submit evidence and argument that raised a nonfrivolous allegation that her appeal was within the Board's jurisdiction. IAF, Tab 2 at 3-5. After the appellant failed to respond to the order, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing, finding that the appellant failed to raise a nonfrivolous allegation that her resignation was involuntary. IAF, Tab 4, Initial Decision (ID); *see* IAF, Tab 1 at 2.

¶4 The appellant has filed a petition for review, in which she argues that she raised nonfrivolous allegations on her initial appeal form sufficient to entitle her to a jurisdictional hearing. Petition for Review (PFR) File, Tab 1 at 3, 10-11. The agency has responded to the petition for review.[4] PFR File, Tab 3.

---

alleged that an EEOC administrative judge dismissed her complaint as a mixed-case complaint. *Id.*

[4] The agency filed its response on June 8, 2015, which was electronically served on the appellant's representative, who had registered as an e-filer. PFR File, Tab 3 at 15-16; IAF, Tab 1 at 3. Pursuant to the Board's regulations, any reply to a response to a petition for review must be filed within 10 days after the date of service of the response. 5 C.F.R. § 1201.114(e); *see* 5 C.F.R. §§ 1201.4(i)-(j), (*l*) (defining "date of service" to include the date of electronic submission for e-filing), 1201.14(m)(2) (documents served electronically on registered e-filers are deemed received on the date of electronic submission). The appellant did not file a reply to the agency's response until June 22, 2015, 4 days after the last day for timely filing had passed. PFR File, Tab 4 at 8. The appellant has not attempted to establish good cause for her untimely filing. PFR File, Tab 4. Accordingly, we GRANT the agency's motion to strike the

¶5    An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Id.* To establish Board jurisdiction over a constructive adverse action, such as an involuntary resignation, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010).

¶6    Where, as here, intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered at the jurisdictional stage only in terms of the standard for voluntariness. *Id*. at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id*.

---

appellant's untimely reply, and have not considered the reply in reaching our decision in this matter. PFR File, Tab 5.

¶7    An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 11 (2005).

¶8    Applying these standards, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over her appeal.  ID at 5.  The appellant's conclusory allegation that the agency subjected her to a hostile work environment does not constitute a nonfrivolous allegation of jurisdiction.[5]  *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (bald allegations standing alone do not meet the nonfrivolous allegation standard); *see also Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007) (pro forma allegations are insufficient to satisfy the nonfrivolous standard).

¶9    Similarly, we agree with the administrative judge that the appellant's vague and generalized allegation below that her supervisor threatened her in an unspecified manner, unsupported by any specific factual allegations, failed to raise a nonfrivolous allegation of jurisdiction over her appeal.  ID at 5; *see Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (mere conclusory allegations, unsupported by evidence or argument, do not constitute nonfrivolous allegations).  For the first time on review, the appellant attempts to supplement her conclusory allegations below claiming that her supervisor threatened her by assuming "physically threatening postures" towards her during

---

[5] Similarly, we find that the appellant's assertion, raised in the first instance on review, that an agency employee stated during an equal employment opportunity investigation that the appellant's supervisor was "motivated in his treatment of [the appellant] by racial discrimination and socio-economic status," is insufficient to raise a nonfrivolous allegation of jurisdiction over her appeal.  PFR File, Tab 1 at 7.

meetings. PFR File, Tab 1 at 6-7. The Board need not consider this allegation, as the appellant failed to raise it in response to the administrative judge's order below. *See Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) ("[a] petitioner who ignores an order of the administrative judge does so at his or her peril"); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, this argument provides no basis for disturbing the initial decision, as the appellant's general allegation that she found her supervisor's posture to be threatening fails to raise a nonfrivolous allegation that her working conditions were so intolerable that a reasonable person in her position would have felt compelled to resign. *See, e.g.*, *Terban v. Department of Energy*, 216 F.3d 1021, 1025 (Fed. Cir. 2000) (an alleged verbal confrontation between an employee and his supervisor did not overcome the presumption that the employee's retirement was voluntary); *cf. Swift v. U.S. Postal Service*, 61 M.S.P.R. 29, 32-33 (1994) (an appellant was entitled to a jurisdictional hearing where he presented medical evidence supporting his claim that he resigned due to psychological conditions caused by specified acts of harassment by his supervisor).

¶10    Finally, applying the standard set forth in *Markon*, we find that the appellant's allegations that her supervisor was rude to her and that the agency denied her a within-grade increase, placed her on a performance improvement plan, and mismanaged her work and leave usage are not the sort of actions that would cause a reasonable person to conclude that they must resign. *See* IAF, Tab 1 at 6; PFR File, Tab 1 at 6; *Markon*, 71 M.S.P.R. at 577. While the appellant may have found that her working conditions were unpleasant, an employee is not guaranteed a work environment that is free of stress. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Having feelings of being

unfairly criticized, or experiencing difficult or unpleasant working conditions, is generally not so intolerable as to compel a reasonable person to resign. *Id*.

¶11 Based on the foregoing, we affirm the initial decision dismissing the appeal for lack of jurisdiction without a hearing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.